IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Keith Bennett a/k/a "Anthony Johnson," : | CIVIL ACTION |
|     Petitioner : | |
| : | |
| v. : | |
| : | |
| Superintendent Maier, et al. : | No.  02-CV-2824 |
|     Respondents : | |

REPORT AND RECOMMENDATION

JAMES R. MELINSON
CHIEF U.S. MAGISTRATE JUDGE

    Before this court is a *pro se* petition for a writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254.  The petitioner, Keith Bennett, is currently incarcerated at the State Correctional Institution at Rockview, Pennsylvania.  For the reasons that follow, it is recommended that Bennett's petition be DENIED with prejudice.

FACTUAL AND PROCEDURAL HISTORY

    On October 4, 1996, following a jury trial in the Court of Common Pleas of Philadelphia County, Bennett was convicted of criminal trespass.  After consideration of Bennett's prior criminal history, the trial court imposed a sentence of three and one-half (3 ½) to seven (7) years' imprisonment.  Bennet filed a direct appeal alleging that the evidence was insufficient and that trial counsel was ineffective for failing to raise a sentencing claim.  The Superior Court of Pennsylvania affirmed judgment of sentence.  Commonwealth v. Bennett, 718 A.2d 854 (Pa. Super. May 28, 1998) (table).  The Supreme Court of Pennsylvania denied Bennett's request for discretionary review.  Commonwealth v. Bennett, 732 A.2d 611 (Pa. Nov. 9, 1998) (table).

    On December 28, 1998, Bennett filed a *pro se* petition for post-conviction collateral relief

under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. § 9541 *et seq*. Court-appointed counsel filed a "no merit" letter pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988), certifying that he had reviewed the entire record and had concluded that there were no issues of arguable merit. On November 1, 1999, after an independent review of the record, the PCRA court dismissed the petition. The Superior Court dismissed Bennett's appeal for failure to file a brief on September 20, 2001.

On May 6, 2002, Bennett filed the instant petition for a writ of *habeas corpus* in which he claims that: 1) the state Prothonotary denied him a copy of his "whole record;" 2) the trial court sealed the verdict without his consent; 3) the trial court improperly ordered the jury to continue deliberating until they had reached a verdict; 4) trial counsel was ineffective in his argument concerning a Rule 1100 motion to dismiss; and 5) his trial was in violation of "the speedy trial rule Six[th] Amendment." The Commonwealth filed a response asserting that the petition must be denied because the claims raised are procedurally defaulted.

## DISCUSSION

It is well-settled that absent exceptional circumstances a federal court will not entertain a petition for a writ of *habeas corpus* until the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); O'Sullivan v. Boerkel, 526 U.S. 838, 839 (1999); Picard v. Connor, 404 U.S. 270, 275 (1971); Brown v. Cuyler, 669 F.2d 155, 157 (3d Cir. 1982). A petitioner "shall not be deemed to have exhausted the remedies available . . . if he has the right under the law of the state to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The policy of this total exhaustion doctrine is rooted in the tradition of comity: the

state must be given the initial opportunity to pass upon and correct alleged violations of the petitioner's constitutional rights.  O'Sullivan, 526 U.S. at 844-45; Picard, 404 U.S. at 275.  Exhaustion does not require that the highest state court rule on the merits of the petitioner's claims, but merely that the court be given the opportunity to review them.  Bond v. Fulcomer, 864 F.2d 306 (3d Cir. 1989).

In order for a petitioner to satisfy the exhaustion requirement, he must fairly present every claim included in a federal *habeas* petition to the highest level of the state courts.  O'Sullivan, 526 U.S. at 846-47; Doctor v. Walters, 96 F.3d 675, 678 (3d Cir. 1996).  The burden of showing that all claims were fairly presented to the state's highest court is upon the *habeas* petitioner.  Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (citing Toulson v. Beyer, 987 F.2d 984 (3d Cir. 1993)).  When a "state claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement may be satisfied because there is 'an absence of available state corrective process.'"  Duncan v. Henry, 513 U.S. 364, 365-66 (1995); McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999).   Thus, where it would be futile to return unexhausted claims to the state court because further review is procedurally barred, the district court may dismiss the unexhausted claims.  Id. (citing Teague v. Lane, 489 U.S. 288 (1989)).

Bennett concedes that "most" of his claims were not raised in state court because his various attorneys "did not want to present them."  A review of the state court opinions reveals that the only claims exhausted in the state court were the claims raised on direct appeal: 1) that the evidence was insufficient; and 2) that trial counsel was ineffective for failing to raise a sentencing claim.  These claims are not raised in the instant petition.

Moreover, the claims raised in his PCRA petition are defaulted because of his failure to file a brief in the Superior Court. A federal *habeas* court is precluded from reviewing an issue of federal law raised by a state prisoner if the decision of the state court denying relief rests on a state law ground that is "independent of the federal question and adequate to support the judgment," whether it is substantive or procedural. Lambrix v. Singletary, 520 U.S. 518, 522 (1997); Coleman v. Thompson, 501 U.S. 722, 729 (1991); Harris v. Reed, 489 U.S. 255 (1989). A state procedural rule is considered independent if it does not rely on the merits of a federal claim or rest its decision primarily on federal law. Harris, 489 U.S. at 260-61. The procedural disposition must comport with similar decisions in other cases so there is a firmly established rule that is applied in a consistent and regular manner in the vast majority of the cases, Banks v. Horn, 126 F.3d 206, 211 (3d Cir. 1997), and existed at the time of the state procedural default. Ford v. Georgia, 498 U.S. 411, 423-24 (1991); Doctor, 96 F.3d at 684.

In addition, further review of this claim is precluded by Pennsylvania law because the state courts would either dismiss the petition as untimely or find that the claims had been waived. See 42 Pa. C.S.A. §§ 9543(a)(3); 9544(b); 9545(b)(1). Petitions for collateral review must be filed within one (1) year of the date judgment becomes final unless the petitioner meets one of three limited exceptions that do not apply in the instant case.[1] 42 Pa.. C.S.A. § 9545(b). See also Commonwealth v. Peterkin, 722 A.2d 638, 642-43 (Pa. 1998) (finding no jurisdiction to hear an

---

[1] These exceptions are: i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States; ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively. 42 Pa. C.S.A. § 9545(b).

untimely PCRA petition); Commonwealth v. Cross, 726 A.2d 333, 335-36 (Pa. 1999) (same); Commonwealth v. Banks, 726 A.2d 374, 376 (Pa. 1999) (same). Because the Pennsylvania Supreme Court has consistently applied the one-year statute of limitations as a procedural bar to all untimely PCRA petitions, this court must conclude that further review of any additional claims in the state court is clearly foreclosed.

However, Bennett may obtain federal *habeas* review of his procedurally defaulted claim if he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claim would result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. To show cause, Bennett must demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Id. at 753; Murray v. Carrier, 477 U.S. 478, 488 (1987); Sistrunk v. Vaughn, 96 F.3d 666, 675 (3d Cir. 1996). To establish the fundamental miscarriage of justice exception to the procedural default rule, Bennett must demonstrate "actual innocence." Schlup v. Delo, 513 U.S. 298, 324 (1995).

Bennett does not address this procedural hurdle in his petition. He does not assert any facts which would establish cause and prejudice. Coleman, 501 U.S. at 752-58; Caswell v. Ryan, 953 F.2d 853 (3d Cir. 1992); see also Murray, 477 U.S. at 488. Further, Bennett has not shown that a miscarriage of justice would occur from a failure to consider the defaulted claims, and he does not now present new evidence to establish a claim of actual innocence. Schlup, 513 U.S. at 324. Thus, his claims are not subject to federal *habeas* review.

Therefore, this court makes the following:

R E C O M M E N D A T I O N

AND NOW, this             day of June, 2003,  IT IS RESPECTFULLY RECOMMENDED that the petition for a writ of *habeas corpus* be DENIED with prejudice.  It is further RECOMMENDED that a certificate of appealability not be granted.

BY THE COURT:

_____
JAMES R. MELINSON
CHIEF U.S. MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Keith Bennett a/k/a "Anthony Johnson," : | CIVIL ACTION |
|    Petitioner : | |
| : | |
| v. : | |
| : | |
| Superintendent Maier, et al. : | No. 02-CV-2824 |
|    Respondents : | |

ORDER

EDMUND V. LUDWIG, J.

AND NOW, this          day of                    , 2003, upon careful and independent consideration of the petition for a writ of *habeas corpus*, and after review of the Report and Recommendation of Chief United States Magistrate Judge James R. Melinson, IT IS ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED.

2. The petition for a writ of *habeas corpus* is DENIED with prejudice.

3. There is no probable cause to issue a certificate of appealability.

4. The Clerk of the Court shall mark this case closed for statistical purposes.

BY THE COURT:

_____
EDMUND V. LUDWIG, J.